UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARIUS L. INGRAM, a/k/a<br>DARREESHA LYNNETT INGRAM,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN ENGLISH and WELLS,<br><br>    Defendants. | CAUSE NO. 3:23-CV-1001-JTM-APR |

OPINION AND ORDER

Darius L. Ingram a/k/a Darreesha Lynnett Ingram, a prisoner without a lawyer, filed a complaint alleging that Warden Ryan English and L.T. Wells at Miami Correctional Facility refused to provide her with a razor to groom herself. Because Ingram acknowledges she did not exhaust her administrative remedies before she filed this lawsuit, this case must be dismissed as legally frivolous. *See* 28 U.S.C. § 1915A (instructing courts to review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).

Ingram is a transgender inmate housed in Miami's Restrictive Housing Unit ("RHU"). (DE # 1 at 2.) She alleges that, on October 21, 2023, Warden English and Major Bennett directed officers to prohibit inmates housed in RHU from having razors. *Id.* Ingram asserts she has an overgrowth of facial hair, and the RHU officers will not provide her with a razor to shave or groom herself. *Id.* She asserts this violates Indiana

Department of Correction policies and seeks to hold Warden English and L.T. Wells liable for the alleged violations. *Id*. According to the complaint, these violations had been going on for about a month before she filed her lawsuit. *Id*.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotation marks and citation omitted). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 219 (2007) (internal citation omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

Ingram says in her complaint that she "filed a grievance [on] Oct 21. This facility is real slow with their progress of completing anything. So no, I didn't wait for the grievance. Miami Correctional Facility will take at least 2 months to answer a grievance." (DE # 1 at 6.) The grievance process can become "unavailable" if prison officials do not respond to a properly filed grievance. *See Dole*, 438 F.3d at 809. But

2

Ingram filed suit before allowing time for the grievance process to run its course. The Offender Grievance Process allows the grievance specialist ten business days to acknowledge receipt of the grievance, then fifteen business days after that to respond to the merits of the grievance. *See* Ind. Dep't of Corr. Policy & Admin. Proc., *Offender Grievance Process*, No. 00-02-301 (eff. Sept. 1, 2020), at p. 9-10, available at https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process. The incident here took place on October 21, 2023. (DE # 1 at 1.) Ingram submitted her complaint for filing on November 15, 2023. *Id*. at 4. She could not have known the outcome of her grievance when she filed this lawsuit and acknowledges she did not wait to find out the outcome because Miami "will take at least 2 months to answer a grievance." *Id*. at 6.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead h[er]self out of court. If [s]he alleges facts that show [s]he isn't entitled to a judgment, [s]he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The complaint here shows that Ingram did not exhaust her administrative remedies before she filed suit, and therefore this case must be dismissed. *See Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, at *1 (7th Cir. Sept. 6, 2022) (unpublished) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) because it is frivolous to sue before exhausting administrative remedies.

**SO ORDERED.**

Date: May 22, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT